UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**DARRELL WILLIAMS**,

      Plaintiff,

                **16 CV 9644**

 -against-

                **COMPLAINT**

**THE CITY OF NEW YORK and NYPD POLICE
OFFICER XAVIER GONZALEZ (Shield 9208,
Transit Division District Four), and NYPD**    **JURY TRIAL DEMANDED**
**Supervisors JOHN and JANE DOES 1-2,**

      Defendants.
------------------------------------------------------------------------X

  Plaintiff **DARRELL WILLIAMS,** by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### *NATURE OF THE ACTION*

  1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest, false imprisonment and malicious prosecution, by employees of the New York City Police Department (NYPD). Plaintiff was arrested and imprisoned for approximately 17½ hours, had to retain defense counsel, and had to make two additional court appearances before the charges were dismissed. The prosecutor dismissed the entire case for inability to prove guilt beyond a reasonable doubt even though one of the two charges, a class A misdemeanor alleging Jostling (Penal Law § 165.25 (1)), was based solely upon the credibility of the arresting officer, defendant Police Officer Xavier Gonzalez, who claimed to be the victim of the alleged crime.

### *JURISDICTION AND VENUE*

  2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) (2), in that all of the events giving rise to the claims occurred within this District.

## *PENDENT JURISDICTION*

5. This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On November 10, 2016, within ninety days after dismissal of all charges underlying the claims alleged in this complaint, a verified Notice of Claim was duly served by hand upon the Comptroller of the City of New York.

7. The Comptroller's Bureau of Law and Adjustment acknowledged receipt of the Notice by letter to plaintiff's attorney dated November 16, 2016.

8. The letter of November 16, 2016 from the Comptroller's Bureau of Law and Adjustment to plaintiff's attorney reflects that the claim has been assigned Claim No. 2016PI032159.

9. At least thirty days have elapsed since the service of the Notice of Claim and adjustment or payment of the claim has been neglected or refused by defendant City of New York.

10. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

## *JURY DEMAND*

11. Plaintiff demands trial by jury in this action.

## *PARTIES*

12. Plaintiff **DARRELL WILLIAMS**, an African-American male, is a citizen of the United States and a resident of New York State and Queens County.

13. Mr. Williams recently retired after working for approximately 30 years as a staff analyst for the New York City Department of Sanitation, and is also a licensed independent contractor

14. Mr. Williams is 57 years old (he will be 58 on December 25, 2016). He has been married for 38 years, has three grown children, and has lived at the same house in Queens, which he owns, for the past 23 years. He is a Navy veteran and has a Bachelor of Arts degree from York College.

15. Plaintiff has never been convicted of any offense. His only arrest was approximately 30 years ago, and in that incident the charge was dismissed.

16. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

17. Defendant City of New York operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers, detectives and supervisory police officers, including the individually named defendants herein.

18. At all times relevant herein, defendant Xavier Gonzalez was a NYPD police officer, Shield 9208, assigned to the NYPD Transit Division District 4, located in the Union Square station.

19. At all times relevant herein, defendants John and Jane Does 1-2 were supervisory NYPD officers, assigned to the NYPD Transit Division.

20. At all times relevant herein, defendants Gonzalez and John and Jane Does 1-2 were acting as an agents, servants and employees of defendant City of New York and the NYPD.

21. At all times relevant herein, all defendants were all acting under color of state law.

### *FACTS*

22. On September 21, 2016, the Criminal Court of the City of New York, New York County, on motion of Assistant District Attorney Daniel Makofsky, dismissed charges against plaintiff Darrell Williams of Jostling and Attempted Grand Larceny in the fourth degree, both Class A misdemeanors, on the ground that the People could not prove guilt beyond a reasonable doubt.  Docket No. 2016NY036271 (Part B, Cesare, J.).

23. The charges against plaintiff had no legitimate basis whatsoever.

24. Plaintiff was arrested on June 10, 2016, in the subway station at 125th Street and Lexington Avenue, by Police Officer Xavier Gonzalez, Shield 9208, Transit Division District 4.

25. Plaintiff was handcuffed and transported to the District Four headquarters in the Union Square subway station, where he was photographed and fingerprinted.  He was then transported to Manhattan Central Booking.  Altogether he was imprisoned for approximately 17½ hours, most of that time spent at Manhattan Central Booking.

26. Upon appearing before a judge, plaintiff was released on his own recognizance.

27. Plaintiff had to hire a criminal defense attorney to represent him, and his contractor's license was suspended until approximately a month after the charges were dismissed.

28. Plaintiff had to appear in Manhattan Criminal Court on two subsequent occasions before the September 21, 2016 dismissal of all charges.

29. On the date of arrest plaintiff Darrell Williams was riding the uptown Lexington Avenue Express #4 train.

30. Plaintiff had boarded the train at 59th Street and was traveling to Harlem to meet a client.

4

31.     After leaving the train at the 125th Street station, as plaintiff was proceeding down the platform towards an exit at approximately 6:40 P.M., plaintiff was arrested by plainclothes PO Gonzalez.

32.     PO Gonzalez later swore in a Criminal Court complaint, dated June 10, 2016 at 11:25 P.M., that between the 86th Street and 125th Street stations he "observed the defendant [plaintiff Darrell Williams], immediately next to me, put his hand in my pocket. I felt the defendant's hand in my pocket. I observed that nobody else was next to me other than the defendant."

33.     Based upon the above-quoted sworn allegations, PO Gonzalez charged plaintiff with Jostling (Penal Law § 165.25 (1)), a Class A misdemeanor.

34.     The charge of Jostling was based solely upon PO Gonzalez's sworn personal accusation as the alleged victim of the alleged offense.

35.     As to the charge of Jostling, the prosecution did not require any additional documentation for the prosecution to proceed.

36.     Although the charge of Jostling was based solely upon PO Gonzalez's sworn accusation, the prosecutor on September 21, 2016 moved to dismiss the charge.

37.     Assistant District Attorney Daniel Makofsky advised the Court (Cesare, J.) that "People are moving to dismiss this case as the People cannot prove this case beyond a reasonable doubt." Transcript of September 21, 2016, p. 2.

38.     Judge Cesare granted the motion to dismiss.

39.     PO Gonzalez also swore in his Criminal Court complaint he observed plaintiff "place his hand into the rear pants pocket of Anthony Osei, of an address known to the District

5

Attorney's office.  I then observed the defendant place his hand in the messenger bag on Mr. Osei's person and move a cell phone inside the messenger bag, but did not remove it from the bag.  I am informed [*sic*] Mr. Osei that no other person had permission or authority to take or possess the above-mentioned cell phone."

40.     Based upon the above-quoted allegations, PO Gonzalez also charged plaintiff with Attempted Grand Larceny in the fourth degree, also a Class A misdemeanor (Penal Law §§110 and 155.30 (5)).

41.     After two court appearances the prosecution also moved to dismiss the Attempted Grand Larceny charge on the ground that "the People cannot prove this case beyond a reasonable doubt."

42.     PO Gonzalez fabricated the allegations against Darrell Williams in order to make an arrest.

43.     Plaintiff never jostled PO Gonzalez.

44.     Had the prosecution believed PO Gonzalez's allegations of Jostling, the case would have proceeded on the Jostling charge since PO Gonzalez alleged that the Officer himself was the victim on that Class A misdemeanor charge.

45.     Plaintiff also never attempted to steal a cell phone from anybody.

46.     The Criminal Court file does not contain a supporting deposition from any alleged victim of an alleged attempted theft.

47.     Upon information and belief, the alleged victim of the alleged attempted theft either does not exist, or was never contacted, or declined to participate with a supporting deposition because he had no reason to believe that plaintiff had attempted to steal anything from

him.

48. PO Gonzalez fabricated the Attempted Grand Larceny charge as well as the jostling charge, simply to make an arrest.

49. The day after the charges were dismissed, the Clerk's Office issued a Certificate of Disposition erroneously stating that the charges had been dismissed on "speedy trial provisions." However, the transcript of the proceeding at which the charges were dismissed clearly reflects that both charges were dismissed on motion of the prosecutor because "the People cannot prove this case beyond a reasonable doubt," not on speedy trial grounds.

50. Although the failure to present a supporting deposition from a victim within 90 days of the commencement of the case could have been grounds for a speedy trial dismissal of the Attempted Grand Larceny charge (Criminal Procedure Law § 30.30 (1) (b)), the dismissal of that charge was not based upon speedy trial grounds.

51. Even if the prosecutor's decision to dismiss the Attempted Grand Larceny charge was related to the absence of a supporting deposition from an alleged victim, that would not explain the prosecutor's determination that the People could not prove the Jostling charge beyond a reasonable doubt -- a charge based solely upon the credibility of PO Gonzalez as the alleged victim of the alleged offense.

52. One or more NYPD supervisors had to approve the determination to arrest, imprison, and charge plaintiff.

53. Defendant Gonzalez necessarily obtained the approval(s) from his supervisor(s), including one or more of the defendants John and Jane Does 1-2.

54. The defendant supervisor(s) displayed deliberate indifference to and reckless

disregard of plaintiff's civil rights by approving the charges, when they were so baseless that a prosecutor subsequently determined that they could not support a prosecution and conviction.

55. Police Officer Xavier Gonzalez's conduct in swearing to a false Criminal Court complaint constituted the crime of Offering a False Instrument for Filing in the First Degree (PL § 175.35, a class E felony) as well as two class A misdemeanors (PL §§ 175.30 and 210.45), and also constituted the administrative offense of knowingly making a material false official statement, a violation of NYPD Patrol Guide 203-08, the punishment for which is presumptively dismissal from the Police Department.

### FIRST CLAIM FOR RELIEF

56. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-55.

57. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

58. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-55 and 57.

59. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers.

60. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

61. The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-92, 94 and 96-97 violated plaintiff's rights guaranteed by 42 USC § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *THIRD CLAIM FOR RELIEF*

62. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-55, 57, and 59-61.

63. The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, and employee negligence.

64. The conduct toward plaintiff alleged herein subjected plaintiff to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering, and loss of income.

### *FOURTH CLAIM FOR RELIEF*

65. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-55, 57, 59-61, and 63-64.

66. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper, including exemption from Local Civil Rule 83 10, and prompt referral to a Magistrate Judge for general pretrial including discovery and settlement.

Dated: New York, New York
December 14, 2016

/s/ Joel Berger
**JOEL BERGER**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFF**